**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is only binding on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3771-13T2
A-3772-13T2

IN THE MATTER OF KATHLEEN
CARR, TRENTON PSYCHIATRIC
HOSPITAL, DEPARTMENT OF
HUMAN SERVICES.

_____

Argued September 12, 2016 — Decided August 7, 2017

Before Judges Nugent and Haas.

On appeal from the New Jersey Civil Service
Commission, Docket Nos. 2012-1708 and 2012-
2828.

Dominick Bratti argued the cause for appellant
(Budd Larner, P.C., attorneys; Mr. Bratti, of
counsel and on the briefs).

Christopher J. Hamner, Deputy Attorney
General, argued the cause for respondent
Trenton Psychiatric Hospital (Christopher S.
Porrino, Attorney General, attorney; Melissa
H. Raksa, Assistant Attorney General, of
counsel; Christopher M. Kurek, Deputy Attorney
General, on the briefs).

Christopher S. Porrino, Attorney General,
attorney for respondent Civil Service
Commission (Pamela N. Ullman, Deputy Attorney
General, on the statement in lieu of brief).

PER CURIAM

Appellant Kathleen Carr appeals from two Civil Service Commission (CSC) final administrative decisions, both issued March 13, 2014. The first decision upheld her suspension and demotion; the second decision upheld her removal from office. For the reasons that follow, we affirm.[1]

During the time she committed the infractions that resulted in her suspension and demotion, and removal, appellant was employed at Trenton Psychiatric Hospital (TPH) in the position of Personnel Assistant 1. On May 24, 2011, TPH served appellant with a Preliminary Notice of Disciplinary Action (PNDA) proposing a twenty-day suspension and a demotion from her position as Personnel Assistant 1 to Personnel Assistant 2 (the suspension action).

The PNDA specified the following charges: incompetency, inefficiency or failure to perform duties, N.J.A.C. 4A:2-2.3(a)(1); insubordination, N.J.A.C. 4A:2-2.3(a)(2); conduct unbecoming a public employee, N.J.A.C. 4A:2-2.3(a)(6); neglect of duty, N.J.A.C. 4A:2-2.3(a)(7); other sufficient cause, N.J.A.C. 4A:2-2.3(a)(11); falsification, Administrative Order 4:08-C8; insubordination, Administrative Order 4:08-C9; violation of a rule, regulation, policy, procedure, order or administrative action, Administrative Order 4:08-E1; and intentional abuse or

---

[1] Appellant filed separate appeals. We have consolidated the appeals for purposes of this opinion.

misuse of authority or position, Administrative Order 4:08-E2.

The PNDA summarized appellant's infractions:

> You began your employment at Trenton Psychiatric Hospital after being transferred from Ancora Psychiatric Hospital on November 20, 2010. Since your transfer to Trenton Psychiatric Hospital, you have violated policies and procedures, misused your authority to perform actions where there is a direct conflict of interest, failed to carry out an order, failed to complete assignments in a timely manner, acted in an insubordinate manner, and falsified information.

Following an October 19, 2011 departmental hearing, TPH prepared a Final Notice of Disciplinary Action (FNDA) on November 9, 2011, which imposed a twenty-day suspension and a demotion to the position of Personnel Assistant 2. The FNDA did not include the effective dates of the sanctions.

Appellant filed an administrative appeal, which the CSC transmitted to the Office of Administrative Law (OAL) as a contested matter. The OAL received the matter on January 17, 2012. A month later, on February 23, 2012, TPH filed an amended FNDA, which included the dates appellant was to serve her suspension — July 8, 2011 to August 4, 2011 — as well as the effective date of her demotion, July 8, 2011.

Meanwhile, within two months of serving appellant with the PNDA, TPH served appellant with a second PNDA seeking her removal from office (the removal action). The PNDA enumerated the

following charges: failure or excessive delay in carrying out an order which would not result in danger to persons, Administrative Order B4-1; insubordination, N.J.A.C. 4A:2-2.3(a)(2); conduct unbecoming a public employee N.J.A.C. 4A:2-2.3(a)(6); other sufficient cause N.J.A.C. 4A:2-2.3(a)(11); insubordination - intentional disobedience or refusal to accept a reasonable order, disrespect or use of insulting or abusive language, Administrative Order C9-3; and, divulging confidential information without proper authority, Administrative Order C10-1.

The PNDA specified instances of appellant's failure to update management or Employee Relations concerning an employee's job performance; making unprofessional comments about a member of TPH management; breaching confidentiality; and discussing the disciplinary history of another TPH employee.

The PNDA concluded: "You have been served with two (2) separate [d]isciplinary [a]ctions for [i]nsubordination and [c]onduct [u]nbecoming. Your continual refusal to conduct yourself in a proper and professional manner has led to this third [d]isciplinary [a]ction."

Following a January 31, 2012 departmental hearing, TPH personnel prepared a February 24, 2012 FNDA, which imposed the removal effective August 5, 2011.

4

Appellant filed an administrative appeal, which the CSC transmitted to the OAL. The Administrative Law Judge (ALJ) to whom the suspension and removal actions were assigned conducted hearings over seven non-consecutive days commencing September 25, 2012, and concluding February 14, 2013. The ALJ held the hearing records open until May 29, 2013, when he received final post-hearing briefs. On August 16, 2013, the ALJ issued comprehensive written opinions in both actions.

In the suspension action, after comprehensively recounting the evidence, including the examination and cross-examination of the witnesses, the ALJ upheld appellant's suspension and demotion. Significantly, the ALJ determined the witnesses presented on behalf of TPH were credible:

> I FIND that, although appellant attempted to discredit the testimony of all of those TPH witnesses through cross-examination, the absence of any direct testimony by either appellant (who, it is noted, did not testify) or any witnesses on her behalf as it applied to the plethora of charges and specifications which were generated in the suspension/demotion discipline caused the bulk of the testimony of the TPH witnesses to remain intact, viable and credible at the conclusion of the matter. Thus, appellant's efforts to attempt to discredit the testimonies of the TPH witnesses on cross-examination failed even though she attempted to bootstrap a global defense, and particularly a Winters[2] type defense, based

---

2   Winters v. N. Hudson Reg'l Fire and Rescue, 212 N.J. 67 (2012).

upon those witnesses' testimonies. And I so FIND. Each of those witnesses presented cogent, relevant testimony regarding the respective roles they played in this matter.

The ALJ determined, among other findings, that upon appellant's permanent transfer to TPH from Ancora Psychiatric Hospital, she was tasked with preparing a step-by-step manual to a new electronic payroll system, New Jersey Electronic Cost Accounting and Timesheet System (eCATS). Despite inquiries from supervisors, the TPH Deputy Chief Executive Officer, and personnel in the main office of the Department of Human Services, appellant never completed the manual. Rather, she challenged the "ASAP" nature of completing the project, questioned its urgency, and eventually produced some type of manual that had been used at Ancora but was unsuitable for the payroll transition occurring at TPH. When preparation of the manual was ultimately tasked to another employee, the employee completed a draft within five days.

The ALJ further determined appellant had committed numerous other offenses, which included failing to produce information regarding three employees who had been overpaid certain benefits, and deleting a personal identifier. These were examples of appellant's recurrent failure to respond to periodic directives from supervisors.

In addition to the foregoing findings, the ALJ determined from the evidence appellant had "violated numerous policies and

procedures regarding her handling of her own personal matters." These included scheduling her own fingerprinting at TPH while she was still employed at Ancora, "inappropriately provid[ing] a code which authorized TPH to pay for her fingerprinting and, in the process, [failing] to obtain the proper authorizations to appropriately obligate TPH to pay for [the] fingerprinting."

These were not all of the violations of policy, procedure, or ethics the ALJ found appellant committed. Others included completing and reviewing her own FMLA leave application; submitting an employment application with glaring deficiencies, including the omission of two previous periods of employment with the State; exhibiting a loud, aggressive and abusive attitude toward another TPH employee; and processing another employee's leave request after being told by a supervisor not to do so without first consulting the supervisor.

The ALJ concluded TPH had proved the charges of incompetency, inefficiency or failure to perform duties; insubordination; conduct unbecoming a public employee; and other sufficient cause, including falsification; insubordination; and intentional abuse or misuse of authority or position. The ALJ upheld the penalty of suspension and demotion.

In the removal action, the ALJ also found TPH's witnesses credible. The ALJ found:

> although appellant repeatedly attempted to
> discredit the testimony of all of the TPH
> witnesses through cross-examination or by
> curiously calling them even as her own
> witnesses, the absence of any direct testimony
> by appellant herself caused the bulk of the
> testimony of the TPH witnesses to remain
> intact, viable and credible at the conclusion
> of the matter.

The ALJ also found "the only real witness on behalf of [appellant]" turned out to be "as much of a corroborating witness on behalf of TPH as were the other witnesses."

Based on the testimony presented by TPH's witnesses, the ALJ determined appellant breached confidentiality and privacy principles by ranting to a "subordinate employee" about another employee's discipline, and in the process, referring to yet a third employee by a derogatory name and a vulgar epithet. The ALJ characterized appellant's conduct as "reprehensible and a direct example of unbecoming conduct by a public employee."

In addition to this incident, the ALJ determined appellant disregarded completely verbal and written orders to assess the time and attendance of her staff as well as their performance. The ALJ found appellant's conduct insubordinate, unbecoming, and particularly egregious since appellant was a management supervisor.

Although rejecting certain charges, the ALJ concluded:

> failure or excessive delay in carrying out an
> order which would not result in danger to

8                                                    A-3771-13T2

> persons under Administrative Order 4:08 B4; Insubordination under N.J.A.C. 4A:2-2.3(a)2; Conduct unbecoming a public employee under N.J.A.C. 4A:2-2.3(a)6; and Other sufficient cause under 4A:2-2.3(a) (then and previously) (11) to wit, and specifically, (1) insubordination under Administrative Order 4:08 C9, and (2) divulging of confidential information without proper authority under Administrative Order 4:08 C10 have been established by TPH and that those charges are AFFIRMED.

The ALJ upheld the removal of appellant from office.

The CSC adopted the ALJ's findings and upheld the discipline imposed in both the suspension and removal actions. These appeals followed.

In the eleven points appellant raises on her appeal of the suspension action, she challenges as arbitrary and capricious, or as unsupported by the evidence, virtually every material factual finding the ALJ made. She asserts the ALJ erred by failing to make specific credibility findings and by relying on testimony implicitly or explicitly found to be suspect. She claims the ALJ failed to properly address her argument that the accumulation of a series of alleged infractions was fundamentally unfair and pretextual, as well as her objection to TPH's allegedly illegal conduct. Appellant also argues the CSC erred in failing to find or even address her contention the ALJ was biased against her.

In the removal action, appellant makes similar arguments on appeal. She contends the ALJ's determinations that she disregarded

directions from a supervisor and was insubordinate are not supported by credible evidence. She also contends the ALJ erred in determining she disclosed confidential information. She asserts the ALJ failed to properly address her argument that the accumulation of a series of alleged infractions was fundamentally unfair and pretextual. Lastly, she argues the ALJ made no findings concerning either her prima facie case of retaliation or her claim concerning TPH's allegedly pretextual conduct.

Our review of the CSC's decision is limited. Karins v. City of Atl. City, 152 N.J. 532, 540 (1998) (citation omitted). We will not disturb the CSC's final determination unless it is arbitrary, capricious or unreasonable or lacks fair support in the record. Ibid. (citation omitted). A "strong presumption of reasonableness attaches" to the CSC's final administrative decisions. In re Carroll, 339 N.J. Super. 429, 437 (App. Div.), certif. denied, 170 N.J. 85 (2001). That is so because agencies generally have "expertise and superior knowledge of a particular field." Outland v. Bd. of Trs. of the Teachers' Pension & Annuity Fund, 326 N.J. Super. 395, 400 (App. Div. 1999). "If the original findings are supported by substantial credible evidence in the record as a whole, we must accept them." Ibid. (citation omitted).

Having considered appellant's arguments in light of the record on appeal and our limited standard of review, we affirm the

CSC's final agency decisions, substantially for the reasons expressed by the ALJ and by the Commissioner. The final agency decisions are supported by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D). Appellant's arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION